*949 This pay case is before us on cross-motions for summary judgment. Plaintiff, an old soldier, was at the relevant time a career civilian employee of the Portsmouth (N. H.) Naval Shipyard, serving as a security officer. After an altercation with a superior, he was ordered off the base and proceedings to remove him followed. The original charge being sustained, the Navy removed Mr. Hilchey. He appealed to the Civil Service Commission according to then applicable procedures. Its Federal Employee Appeals Authority conducted a hearing, following which the appeals officer sustained the removal though not all the charges. The Appeals Review Board, as it then was, declined to review or reopen the case. Plaintiff, having exhausted his administrative remedies, sued in the United States District Court, which transferred the case to this court.
The charges all related to a period running from January 31 to February 2, 1977, and to an extraordinary sustained inability or refusal by Mr. Hilchey to find a legal and permitted place to park his personal car while he was on duty. Being repeatedly asked to conform, without avail, he was finally ordered not to bring his car on the base at all, and this order too he disobeyed. He was illegally parked on the occasion of the altercation to be described below. A difficulty here is that the first charge, "disobedience to constituted authority,” inextricably mixes the parking violations with Mr. Hilchey’s failure or refusal to leave the base immediately when ordered to after the February 2 altercation. It seems that before obeying, Mr. Hilchey tried unsuccessfully to see the administrative officer of the base, Captain C. D. Fletcher, and the Shipyard Commander, Captain W. O. McDonough. Later that afternoon, he went to the Naval Regional Medical Clinic to secure a medical opinion that he was not too distraught to perform his duties, after which he vacated the shipyard premises as ordered. Our difficulty is that the charges and the findings make an inseparable part of the offense an effort to petition superiors for a redress of grievances. Swaaley v. United States, 180 Ct. Cl. 1, 376 F.2d. 857 (1967). We are not the finder of fact, and we think in the circumstances it is a proper request for us to make of that finder for it to determine whether, apart from Mr. Hilchey’s effort to *950 exercise a first amendment constitutional right, the dismissal would still have been for the efficiency of the service.
The other charge that was sustained, "disrespectful conduct to your superior,” relates to an altercation that occurred on February 2, 1977, between Mr. Hilchey and his superior, Mr. Marshall, in the presence or hearing of third parties. Mr. Hilchey loudly voiced some obscene and opprobrious epithets he had probably learned in his 21 years in the Army, but rarely, if at all in that service, could have enjoyed the satisfaction of addressing to his superiors in rank. A charge that he threatened Mr. Marshall physically was not sustained. He admitted the bad language, however, alleging as excuse that Mr. Marshall had knocked a cigar out of his mouth at the start of the interview. He explained the presence of the cigar in his mouth by the fact his hands were encumbered with "bonds and stuff.” The hearing officer considered all the evidence and by implication found that Mr. Marshall did not knock the cigar out of Mr. Hilchey’s mouth. It was more likely, he held, that Mr. Hilchey had removed the cigar from his mouth so it would be free to open and utter his low opinion of Mr. Marshall, and that it had flown from his hand in the vehemence of his gestures. But the substantial evidence rule does not protect findings not expressly made. Even if Mr. Marshall did knock the cigar out of Mr. Hilchey’s mouth, Mr. Hilchey’s statements strongly suggest his awareness that the mere presence of the cigar in his mouth in an interview with a superior would be regarded by the latter as a discourtesy. This matter could well stand reconsideration and more express findings, though the cigar issue alone could not justify a remand.
Accordingly, the cause is remanded to the Merit Systems Protection Board with directions to reconsider both of the charges it sustained, to make more specific findings, and to determine whether, in consideration of its findings, the removal of plaintiff from his position furthered the efficiency of the service. The parties’ motions for summary judgment are denied without prejudice and proceedings are suspended for a period of 6 months pursuant to Rule 149. Plaintiffs counsel is designated to advise the trial judge as *951 provided for in Rule 149(f). The parties and the board’s attention is called to Rule 150.
On August 2, 1982 the Merit Systems Protection Board entered its decision on remand; on November 10, 1982 plaintiff renewed his motion for summary judgment.